FILED _____ LODGED
RECEIVED _____ COPY

NOV - 9 2000

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Loretta A. Greer,　　　　　　　　　）
　　　　　　　Plaintiff,　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　vs.　　　　　　　　　　　　　）　　CV 00-1059-PHX-EHC (VAM)
　　　　　　　　　　　　　　　　　）
County Board of Supervisors Director, et al.,　）
　　　　　　　Defendants.　　　　　）　　**O R D E R**

Plaintiff Loretta A. Greer, presently confined in the Maricopa County Estrella Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff also filed an Application to Proceed *In Forma Pauperis* by a Prisoner.

## IN FORMA PAUPERIS APPLICATION AND FEE PAYMENT ORDER

Plaintiff's Application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.  See 28 U.S.C. § 1915(a).  Plaintiff is required to pay the statutory filing fee of $150.00 for this action pursuant to 28 U.S.C. § 1915(b)(1).  No initial partial filing fee will be assessed by this Order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

If Plaintiff is released before the filing fee is paid in full, she must pay the remaining unpaid amount of the filing fee within one hundred and twenty days of the date of her release.

1



If Plaintiff fails to pay the remainder of the filing fee within one hundred and twenty days of the date of her release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why she is unable to pay the remainder of the filing fee.

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to her. See 42 U.S.C. § 1997e(a).

### A. MULTIPLE ISSUES PER COUNT

Plaintiff's Complaint does not comply with the Local Rules of Practice of the United States District Court for the District of Arizona. Under Local Rule 3.1(a) prisoner complaints are required to be filed on Court-approved forms "in accordance with the instructions provided with the forms." The Court-approved prisoner civil rights complaint form provides that "if [a prisoner's] claim involves more than one issue, each issue should be stated in a different count." Plaintiff's Complaint violates this requirement by including multiple issues under a single count. For example, Count I of Plaintiff's Complaint includes a claim alleging that four of the Defendants improperly caused her to be transported in a vehicle without seatbelts while also asserting a separate claim alleging that two different Defendants caused her to be exposed to second hand smoke.

The failure to include each issue in a separate count prevents the Court and the Defendants from readily determining: (1) what right was allegedly violated with respect to each issue; (2) what injury Plaintiff suffered as a consequence of the conduct alleged in each issue; and (3) whether Plaintiff exhausted her administrative remedies with respect to each issue. Additionally, the inclusion of multiple issues under a single count causes unnecessary confusion for the parties and the Court. Accordingly, Plaintiff's Complaint will be dismissed with leave to

2

1    amend to permit Plaintiff to state each of her claims in a separate count.

2    **B. IMPROPER REQUEST FOR RELIEF**

3    Under Rule 8(a) of the Federal Rules of Civil Procedure a civil complaint "shall contain

4    (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . .

5    (2) a short and plain statement of the claims showing that the pleader is entitled to relief, and (3)

6    **a demand for judgment for the relief the pleader seeks.**" FED. R. CIV. P. 8(a) (emphasis

7    added). In her Complaint, Plaintiff has not included a demand for judgment for the relief she

8    seeks. In the space on the Court-approved form provided for Plaintiff to explain what relief she

9    wants, Plaintiff has requested only that a special master be appointed in this case and that an

10   attorney be appointed to represent her. The request for appointment of counsel and a special

11   master is a request for interim relief, it is not a demand for a final judgment as is required under

12   Rule 8. Accordingly, Plaintiff's Complaint will be dismissed with leave to file an amended

13   complaint explaining specifically what she wants the Court to do for her if she ultimately

14   succeeds in this action.

15   **C. FAILURE TO STATE A CLAIM**

16   In addition to the deficiencies identified above, none of Plaintiff's three counts, as

17   currently written, state proper claims upon which relief can be granted.

18   **1. Threat to Safety (Count I)**

19   In Count I of her Complaint, Plaintiff alleges that she was subjected to various

20   potentially dangerous practices (*e.g.*, lack of seatbelts in transportation vans) that have caused

21   her "mental emotional distress." (Compl. at 4.) The Civil Rights of Institutionalized Persons

22   Act, 42 U.S.C. § 1997e(e), provides that "no federal civil action may be brought by a prisoner

23   confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered

24   while in custody without a prior showing of physical injury." Plaintiff does not allege that she

25   suffered any physical injury as a consequence of the conduct alleged in Count I.

26   Additionally, to prevail on an Eighth Amendment claim, a plaintiff, whether a convicted

27   inmate or pretrial detainee, must show that defendants were "deliberately indifferent" to the

28   alleged constitutional violations. Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th

1  Cir. 1991); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).  To state a claim of deliberate
2  indifference, a plaintiff must allege that a specific defendant, despite his knowledge of a
3  substantial risk of serious harm to the plaintiff, failed to take reasonable measures to abate the
4  harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994).  First, the alleged constitutional
5  deprivation must be, "objectively, 'sufficiently serious'" *i.e.*, the official's act or omission must
6  result in the denial of "the minimal civilized measure of life's necessities." Id. at 834.  Second,
7  the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with
8  deliberate indifference to inmate health or safety.  Id.  The Supreme Court has further defined
9  this subjective test: "the official must both be aware of the facts from which the inference could
10 be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.
11 at 837.  Further, when a prisoner attempts to hold a prison employee responsible for deliberate
12 indifference, the prisoner must establish individual fault.  Leer v. Murphy, 844 F.2d 628, 634
13 (9th Cir. 1988).  "The prisoner must set forth specific facts as to each individual defendant's
14 deliberate indifference." Leer, 844 F.2d at 634.

15         Here, Plaintiff has not alleged facts which would support an allegation of deliberate
16 indifference to her safety on the part of each of the Defendants named in Count I.  Accordingly,
17 the Complaint will be dismissed with leave to amend to allow Plaintiff to allege, if she can do so
18 in good faith, that specific Defendants were aware of a serious threat to her well-being, and
19 despite that awareness, each Defendant failed to take action to avert the harm to Plaintiff.  The
20 acts of each Defendant must rise to the level of the "unnecessary and wanton infliction of pain."
21 Estelle, 429 U.S. at 105-06.  Plaintiff must also identify the specific injuries she suffered as a
22 result of the Defendants' alleged conduct.

23         **2. Retaliation (Count II)**
24         In Count II of her Complaint Plaintiff alleges that sixty-five of the named Defendants
25 retaliated against her for her prior litigation activities by leaving the lights on in her cell all day
26 and depriving her of "food enhansment [sic]." (Compl. at 5.)  Plaintiff's Retaliation claim as
27 currently written fails to state a cognizable claim pursuant to 42 U.S.C. § 1983.  To state a claim
28 for retaliation, a plaintiff "must allege both that the type of activity he was engaged in was

4

1  protected . . . and that the state impermissibly infringed on his right to engage in the protected

2  activity." See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Prison officials may not

3  retaliate against a prisoner for exercising her constitutional rights.  However, Plaintiff must do

4  more than allege retaliation for the exercise of a constitutionally protected right; she must also

5  allege that the prison officials' retaliatory action did not advance legitimate penological goals,

6  such as preserving institutional order and discipline.  Id. at 532; Barnett v. Centoni, 31 F.3d

7  813, 815-16 (9th Cir. 1994).  Accordingly, because Plaintiff has not alleged the essential

8  elements or sufficient factual allegations to support a retaliation claim and because Plaintiff fails

9  to affirmatively link the conduct of each of the named Defendants to her injury, Plaintiff's

10 retaliation claim will be dismissed with leave to amend.

11     **3. Access to the Courts (Count III)**

12     Count III of Plaintiff's Complaint fails to fails to state a claim for denial of access to the

13 courts.  Although prisoners enjoy a fundamental right to meaningful access to the courts,

14 Bounds v. Smith, 430 U.S. 817, 821 (1987), "Bounds did not create an abstract, free-standing

15 right to a law library or legal assistance." Lewis v. Casey, 518 U.S.C. 343, 351 (1996).

16 Plaintiff must allege "actual injury" to have standing to raise a claim based on an

17 unconstitutional denial of access.  Id. at 349-352.  "[A]n inmate cannot establish relevant actual

18 injury simply by establishing that his prison's law library or legal assistance program is sub-par

19 in some theoretical sense." Id. at 351.  Rather, "the inmate must go one step further and

20 demonstrate that the alleged shortcomings in the library or legal assistance program hindered his

21 efforts to pursue a legal claim." Id.  "An 'actual injury' consists of some specific 'instance in

22 which an inmate was actually denied access to the courts.'" Sands v. Lewis, 886 F.2d 1166,

23 1171 (9th Cir. 1989) (quoting Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982)).  Here,

24 Plaintiff has failed to allege that any Defendant caused her an "actual injury."  Accordingly,

25 Plaintiff's access claim will also be dismissed with leave to amend to allow Plaintiff to allege, if

26 she can do so in good faith, that she suffered an "actual injury" and to name the specific

27 Defendant(s) who caused her injury.

28 . . . .

5

**D.  LEAVE TO AMEND**

Plaintiff has failed to state each of her claims in separate counts, has failed to make a proper demand for judgment, and has failed to state claims upon which relief can be granted. Nonetheless, "'unless [the district court] determines that the pleading could not possibly be cured by the allegation of other facts,'" a *pro se* prisoner litigant proceeding is entitled to an opportunity to amend the complaint before dismissal of the action.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Accordingly, the Complaint will be dismissed with leave to amend.  In her amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the defendant who violated the right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  Failure to do so for any claim will result in the dismissal of that claim.  Conclusory allegations that a defendant or defendants violated a constitutional right are not acceptable and will be dismissed.  Further, Plaintiff must identify when each event occurred in order to assist defendants in identifying what conduct or event is being challenged.  Finally, any amended complaint filed by Plaintiff must conform to the requirements of Rule 3.1(a) of the Local Rules of Practice.

## CONCLUSION

Plaintiff should take note that if she fails to timely comply with every provision of this Order, this action will be dismissed without prejudice and without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (District Court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED**:

(1)  That Plaintiff's Application to Proceed In Forma Pauperis is **GRANTED**.

(2)  That Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. All fees shall be collected and paid in accordance with this Court's Order to the Sheriff of

1  Maricopa County filed concurrently herewith.

2      (3)  That the Complaint is dismissed with leave to amend.  Plaintiff shall have thirty (30)

3  days from the date this Order is filed to amend her Complaint to state specific allegations of

4  deprivation of constitutional rights against proper defendant(s), to name as defendant(s) the

5  individual(s) who participated in the activities alleged in his amended complaint, and to state

6  what injury, if any, she has suffered as a result of the activities of the defendant(s).  The

7  amended complaint must be retyped or rewritten in its entirety on a Court-approved form and

8  may not incorporate any part of the original Complaint by reference.  Any amended complaint

9  submitted by Plaintiff should be clearly designated as such on the face of the document.

10      (4)  That the Clerk of Court shall enter a judgment of dismissal of this action without

11  prejudice and without further notice to Plaintiff, if Plaintiff fails to file an Amended Complaint

12  within thirty (30) days of the date this Order is filed.

13      (5)  That the Clerk of Court shall provide to Plaintiff the current Court-approved form

14  for filing a Civil Rights Complaint by a Prisoner.

15      (6)  That a clear, legible copy of every pleading or other document filed shall accompany

16  each original pleading or other document filed with the Clerk for use by the District Judge or

17  Magistrate Judge to whom the case is assigned.  See Local Rule 1.9(f).  Failure to comply with

18  this requirement may result in the pleading or document being stricken without further notice to

19  Plaintiff.

20      (7)  That at all times during the pendency of this action, Plaintiff shall immediately

21  advise the Court of any change of address and its effective date.  Such notice shall be captioned

22  "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining

23  to the change of address and its effective date.  The notice shall not include any motions for any

24  other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal

25  of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

26  Procedure.

27  DATED this _7_ day of _____November_____, 2000.

                                                 Earl H. Carroll
                                                 United States District Judge

# INFORMATION AND INSTRUCTIONS FOR A
# PRISONER FILING CIVIL RIGHTS COMPLAINT
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

## I. General Information About the Civil Rights Complaint Form:

A. The Form. The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights. Local Rule 3.2 requires that prisoner civil rights complaints be filed on the court-approved form. Your complaint must be typewritten or legibly handwritten. All information must be clearly and concisely written, **only in the space provided on the form.** If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B. Your Signature. You must sign the complaint. Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose. Please review Rule 11 of the Federal Rules of Civil Procedure. Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. The Filing Fee. You must pay the $150 filing fee. If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. Court Divisions. If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should file your complaint in the Phoenix Division of the court. If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court. If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See Local Rule 1.1.

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $150 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions | | Tucson Division |
|---|---|---|
| Clerk, U.S. District Court | | Clerk, U.S. District Court |
| District of Arizona | | District of Arizona |
| U.S. Courthouse, Room 5004 | **OR** | James A. Walsh Courthouse, Room 202 |
| 230 North First Avenue | | 44 East Broadway Boulevard |
| Phoenix, Arizona  85025 | | Tucson, Arizona  85701 |

E. <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of___(month)___,_(year)_, to:
> Name:  _____
> Address:_____
>      Attorney for Defendant(s)/Respondent(s)


> _____
> (Signature)

F. <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G. <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H. <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule 1.9(e) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1. Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2. Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3. Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1. Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3. Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you

3

must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

## FINAL NOTE
You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)   Plaintiff, )<br><br>vs. )<br><br>_____, )<br>_____, )<br>_____, )<br>_____, )<br>(Full Name of Each Defendant)   Defendant(s). )<br>_____ ) | )<br>)<br>)<br>)<br>CASE NO. _____<br>(To be supplied by the Clerk)<br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - a. ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   - b. ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   - c. ☐ Other:  (Please specify.) _____.

2. Name of Plaintiff: _____.
   Present mailing address: _____.
   **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

   Institution/city where violation occurred: _____.

98-1983
Revised 6/98

1

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.  Court:  (If federal court, identify the district; if state court, identify the county.)  _____
_____ .

c.  Case or docket number:  _____ .

d.  Claims raised:  _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
_____ .

f.  Approximate date lawsuit was filed:  _____ .

g.  Approximate date of disposition:  _____ .

4.  Second prior lawsuit:
a.  Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b.  Court:  (If federal court, identify the district; if state court, identify the county.)  _____
_____ .

c.  Case or docket number:  _____ .

d.  Claims raised:  _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
_____ .

f.  Approximate date lawsuit was filed:  _____ .

g.  Approximate date of disposition:  _____ .

5.  Third prior lawsuit:
a.  Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b.  Court:  (If federal court, identify the district; if state court, identify the county.)  _____
_____ .

c.  Case or docket number:  _____ .

d.  Claims raised:  _____
_____
_____

e.  Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?)  _____
_____ .

f.  Approximate date lawsuit was filed:  _____ .

g.  Approximate date of disposition:  _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____

_____

_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)              ☐ Mail          ☐ Access to the court       ☐ Medical care
      ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____
_____.

5.    **Administrative Remedies:**
      a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
           your institution?                                                      ☐ Yes    ☐ No
      b.   Did you submit a request for administrative relief on Count I?           ☐ Yes    ☐ No
      c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
      d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
           why you did not.  _____
           _____.

## COUNT II

1. The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2. Count II involves: (Check only one; if your claim involves more than one issue, each issue should be stated in a different count)  ☐ Mail   ☐ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____
_____.

## COUNT III

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
    _____
    _____.

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)            ☐ Mail            ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings       ☐ Property        ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
    each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
    legal authority or arguments).
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).
    _____
    _____
    _____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                        ☐ Yes     ☐ No
    b.  Did you submit a request for administrative relief on Count III?          ☐ Yes     ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes     ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not. _____
        _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.

7